*In re* MARRIAGE OF PATRICIA K. McCOY, Petitioner-Appellee, and ROBERT ALAN McCOY, Respondent-Appellant (The People of the State of Illinois, Plaintiff-Appellee, v. Robert A. McCoy, Defendant-Appellant).

Fourth District   No. 4—93—0423

Argued October 19, 1993.—Opinion filed December 9, 1993.

G. Edward Murphy (argued), of Reynolds, Murphy & Associates, P.C., of Peoria, for appellant.

Robert M. Travers (argued), of Fellheimer, Travers & Engelman, Ltd., of Pontiac, for appellee.

JUSTICE COOK delivered the opinion of the court:

Respondent Robert Alan McCoy appeals a plenary order of protection entered in favor of petitioner Patricia C. McCoy, his former spouse. Respondent alleges (1) the trial court improperly included the parties' minor children as protected persons within the order of protection; (2) the order was against the manifest weight of the evidence; and (3) the order was improper for failing to include sufficient findings, failing to balance the hardships, and requiring reference to other documents. We affirm.

Sometime prior to December 30, 1992, the parties received a dissolution of marriage, the court reserving the issues of custody and

visitation of the two minor children born of the marriage. On December 30, 1992, the court awarded petitioner custody of the two children, then 10 and 11 years old. Respondent was allowed reasonable, unsupervised visitation upon his submission, and the court's approval, of a plan for screening alcohol or illegal substance use prior to each scheduled visitation.

On April 2, 1992, petitioner filed her first petition for an emergency order of protection, which accompanied battery charges filed against respondent alleging he hit petitioner in the abdomen and shoved her against a car. An emergency order was entered *ex parte* which found petitioner to be an abused person and the two minors to be protected persons under the order, pursuant to the Illinois Domestic Violence Act of 1986 (Act) (Ill. Rev. Stat. 1991, ch. 40, par. 2311–1 *et seq.* (now 750 ILCS 60/101 *et seq.* (West 1992))). The order prohibited respondent from entering or remaining at petitioner's place of employment or the children's school and enjoined him from having any contact with petitioner. Respondent failed to appear at the April 10, 1992, hearing on the emergency order of protection, and the court extended its term until April 10, 1993. On October 23, 1992, respondent was convicted of the battery against petitioner.

On February 17, 1993, petitioner filed a second petition for an emergency order of protection alleging respondent (1) was putting pressure on the children to allow visitation contrary to court order, (2) had threatened to "do her in" at the Streator YMCA, (3) had come to her workplace and acted in a threatening manner, and (4) had attempted suicide on January 2, 1993.

At the hearing held on February 19, 1993, respondent appeared without counsel and essentially stated that the allegations were lies and he needed time to obtain counsel. Petitioner put on evidence in support of the petition. The court entered an emergency order set to expire on March 3, 1993, containing essentially the same provisions as the previous order of protection entered April 10, 1992, but including a separate provision prohibiting respondent from contacting the minor children for the purpose of requesting visitation until such time as he complied with visitation orders entered in the divorce case.

Pursuant to respondent's motion, the hearing for extending the emergency order of protection was continued until April 13, 1993. On April 12, 1993, respondent filed a motion to vacate the order of protection.

At the April 13 hearing (by which time the order of protection entered April 10, 1992, had expired by its terms), respondent's brother testified to an incident occurring on December 30, 1992, the day the

custody determination was rendered, at petitioner's workplace. Upon receiving a copy of the custody order, respondent went to the courthouse to see the judge because he was angry with the judge's decision and wanted the judge to explain why he ruled as he did. Upon learning the judge had already left, respondent went to the first floor of the courthouse, where petitioner was employed at the sheriff's office. He stood outside petitioner's office door and stared at her through the glass. Eventually, the sheriff and several officers arrived and asked respondent and his brother to leave. According to the brother's testimony, respondent then raised his voice but his brother was not certain of what was said.

Respondent testified that when he went to the courthouse to see the judge he was very upset and wanted an explanation of the custody findings. He stated he knew that under the previous order of protection he was not allowed to go inside the sheriff's office where petitioner was working, so he merely stood outside her door to see if she "had a smile on her face." He admitted he had attempted to set up visitation with the children during phone calls to them and that in early January 1993 he signed himself into Brokaw Hospital for depression.

Respondent further testified that at the Streator YMCA swim meet in February he requested the children to ask petitioner if he could take them to lunch and then bring them home. At the end of the swim meet one of the children told respondent petitioner would not let them go. Respondent had the child ask again and overheard petitioner say "If your dad can't talk to me, then it's out of the question." When respondent approached petitioner, she told him to talk to her attorney. Respondent cursed her and left the premises.

Petitioner testified that the children had asked several times if they could go to lunch with respondent following the swim meet but she had put them off. As she was leaving, respondent approached her asking why the children could not go with him. She told him they did not need to go anywhere with him by themselves and respondent said "I will do you in if it's the last thing I do." Petitioner took this as a threat to her life. Petitioner stated respondent also phoned the children on several occasions trying to set up visitation and the children would cry and yell at her when she would not allow it. When respondent came to the courthouse and stood outside the door to her office, he glared at her with his fists clenched at his side. Petitioner felt threatened and called the sheriff's deputies; after they arrived, respondent began shouting at them and other people looked out of their

offices to see what was going on and then locked their doors. She stated that when respondent becomes angry he can become volatile.

The trial court denied respondent's motion to vacate and entered a plenary order of protection, due to expire on April 13, 1995, finding that the protracted length of the case produced evidence sufficient to establish respondent as a violent person whom petitioner had reason to fear. The court also found that the evidence established respondent attempted to circumvent the orders respecting custody and visitation of the children and it was proper under the circumstances to prevent respondent from contacting or hanging around the school while the children were present. A petition for respondent's supervised visitation with the children was apparently heard and allowed on that same date and the plenary order of protection referred to it.

We note at the outset that our review is limited to the provisions of the plenary order of protection and the interlocutory emergency order which preceded it, the only orders encompassed by the notice of appeal. The scope of an appellate court's jurisdiction extends only to those matters raised in the notice of appeal. (*International Industrial Leasing, Ltd. v. H.J. Coleman & Co.* (1977), 66 Ill. App. 3d 884, 888, 384 N.E.2d 1, 4; *Lewanski v. Lewanski* (1978), 59 Ill. App. 3d 805, 815, 375 N.E.2d 961, 968.) Issues related to provisions of the judgment of dissolution including proposed plans for drug and alcohol testing of respondent prior to unsupervised visitation are not properly before this court and will not be reviewed. We additionally note that a previous appeal of the judgment of dissolution was dismissed on respondent's motion for lack of a final judgment. See *In re Marriage of McCoy* (4th Dist. July 8, 1993), No. 4—93—0212 (order of dismissal).

■ Respondent first argues the trial court improperly included the minor children within the provisions of the order of protection. Respondent admits the trial court had the authority to make the minor children protected persons under section 201(a) of the Act (750 ILCS 60/201(a)(iii) (West Supp. 1993) (protected persons defined as a minor child in the care of an abused person)), but argues that there must be a "nexus" between the alleged abuse, the children, and the relief granted by the court. (See *People v. Hazelwonder* (1985), 138 Ill. App. 3d 213, 217, 485 N.E.2d 1211, 1214 (defendant's harassment of his former spouse, violent or suicidal tendencies, and the concern he might use the child as a weapon against his former wife supplied a nexus between the ordered restriction on visitation with the child and the underlying conviction for violation of the protective order).) Petitioner asserts that once evidence is presented she is an abused person

under the Act, the children become protected persons whether they are connected with the alleged abuse or not.

We do not read *Hazelwonder* as circumscribing a court's power to restrict visitation through an order of protection until such time as the child or children are directly harmed. (See *In re A.D.R.* (1989), 186 Ill. App. 3d 386, 393-94, 542 N.E.2d 487, 492.) We reject any claim that evidence of abuse of the custodial spouse is an insufficient basis to support an order prohibiting unauthorized contact and potential abuse of the children in the custodian's care. The scope of the Act provides broad categories of abuse and prohibited conduct sufficient to impose an order of protection. (See 750 ILCS 60/214 (West Supp. 1993).) Once one member of a household is abused, the court has maximum discretionary power to fashion the scope of an order of protection to include other household members or relatives who may be at risk of retaliatory acts by the abuser. We believe the Act implicitly recognizes the potential for direct or indirect victimization of the children of an abused person by the statutory provision making them protected persons under the Act. See 750 ILCS 60/201(a)(iii) (West Supp. 1993).

Even assuming some minimal nexus is required between the plenary order entered and the prohibited conduct which demonstrates an impact on the children themselves, that nexus has been fulfilled. Respondent admitted he pressured the children to ask petitioner to allow visitation in contravention of the orders entered in the judgment of dissolution. Petitioner testified that when she did not accede to these requests, the children cried and got upset. Under section 214 of the Act, orders of protection may be entered to prevent abuse or harassment. (See 750 ILCS 60/214 (West Supp. 1993).) "Harassment" is defined as "knowing conduct which is not necessary to accomplish a purpose that is reasonable under the circumstances; would cause a reasonable person emotional distress; and does cause emotional distress to the petitioner." (750 ILCS 60/103(7) (West Supp. 1993).) "Petitioner" includes other persons protected by the Act. (750 ILCS 60/103(13) (West Supp. 1993).) As the children are expressly included as protected persons under the Act, the prohibition against respondent appearing at the children's school while they are present is directly linked to respondent's previous attempts to circumvent the visitation orders entered in the dissolution case (requiring drug and alcohol testing prior to each visitation) and the harassment to the children themselves. Based on the respondent's conduct at the swim meet when he repeatedly directed the children to ask petitioner for visitation, as well as the numerous phone calls for that same purpose, the court's

action in preventing potential further harassment of the children at their school was not against the manifest weight of the evidence.

■ Respondent next puts forth a vague argument that since he put on his evidence first at the hearing on the plenary order of protection, he was improperly assigned the burden of proof and the court's order is therefore invalid. Respondent acknowledges that the court first entertained his motion to vacate the emergency order of protection (a procedure to which he did not object), which would require that he put on his evidence first. Thereafter petitioner properly put on her evidence for an extension or continuation of the emergency order and respondent produced no further evidence in rebuttal. It is unclear what theory respondent relies upon. We find no impropriety occurred in the order of proof.

■ Respondent finally argues entry of the plenary order was improper because the court (1) failed to make sufficient findings, (2) failed to balance the hardships, and (3) required reference to other documents to interpret the order. Respondent cites section 214(c) of the Act, providing as follows:

"(1) In determining whether to grant a specific remedy, other than payment of support, the court shall consider relevant factors, including but not limited to the following:

(i) the nature, frequency, severity, pattern and consequences of the respondent's past abuse *** and the likelihood of danger of future abuse, neglect, or exploitation to petitioner or any member of petitioner's or respondent's family or household; and

(ii) the danger that any minor child will be abused or neglected ***.
***

(3) Subject to the exceptions set forth in paragraph (4) of this subsection, the court shall make its findings in an official record or in writing, and shall at a minimum set forth the following:

(i) That the court has considered the applicable relevant factors described in paragraphs (1) and (2) of this subsection.

(ii) Whether the conduct or actions of respondent, unless prohibited, will likely cause irreparable harm or continued abuse.

(iii) Whether it is necessary to grant the requested relief in order to protect petitioner or other alleged abused persons."

750 ILCS 60/214(c)(1), (c)(3) (West Supp. 1993).

The format of the plenary order includes a provision stating that the court has considered all the relevant statutory factors. The court also made written findings that petitioner was an abused person as defined in the Act and that the children were persons protected by the order of protection. While the written order might have contained more express findings, the official record of the hearing held April 13, 1993, indicates the court found the evidence established respondent as a violent person whom petitioner had reason to fear and, given respondent's attempts to circumvent the visitation orders entered in the dissolution case, it was proper to prevent him from contacting the children at school by prohibiting his presence at times they were in attendance.

We believe that the findings articulated by the court comport with the minimum statutory requirements and support the restrictions imposed on respondent. A reviewing court will not overturn an order for lack of greater specificity when the record supports the statutorily required findings. See *In re Marriage of Hagaman* (1984), 123 Ill. App. 3d 549, 554, 462 N.E.2d 1276, 1280; *Hazelwonder*, 138 Ill. App. 3d at 218, 485 N.E.2d at 1214.

Respondent argues the court failed to balance the hardships with respect to the prohibition on his attendance at his children's school. Section 214(b)(3) of the Act provides for the entry of "stay away" orders "if reasonable, given the balance of [the] hardships." (750 ILCS 60/214(b)(3) (West Supp. 1993).) While the court made no specific reference to any hardship incurred by respondent, there is no evidence respondent argued that to the trial court. Moreover, respondent's attempts to circumvent prior orders of court fully justify the restriction imposed. Since respondent failed to present any claim of hardship to the trial court and request such balancing, he has waived any claim of noncompliance with the statute.

Finally, respondent argues the plenary order improperly required reference to other documents. Section 221(a)(i) of the Act provides that the order describe "[e]ach remedy granted by the court, in reasonable detail and not by reference to any other document, so that respondent may clearly understand what he or she must do or refrain from doing." 750 ILCS 60/221(a)(i) (West Supp. 1993).

While the plenary order entered referred to both the visitation orders contained in the judgment of dissolution and the order for supervised visitation adopted by respondent, respondent makes no argument there was any confusion on his part as to what he was to do or refrain from doing. The order for supervised visitation was entered pursuant to a petition put forth by respondent at the time of the hear-

ing on the order of protection. The clearest way to require compliance with that order, and the terms of the judgment of dissolution, was to refer to them in the plenary order rather than to attempt a summarization.

The judgment of the circuit court is affirmed.

Affirmed.

GREEN and STEIGMANN, JJ., concur.