19 June 2000

No. 2--99--0379

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Du Page County.

)

Plaintiff-Appellee, ) 

                                )                   

v. ) No. 98--DV--1577

)

DARIUS SPENCER,    ) Honorable

) Cary B. Pierce,   

Defendant-Appellant. ) Judge, Presiding.

________________________________________________________________

PRESIDING JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Darius Spencer, was convicted following a bench trial of telephone harassment (720 ILCS 135/1--1(2) (West 1998)) and violation of an order of protection (720 ILCS 5/12--30(a) (West 1998)).  He appeals, contending that (1) he was not proved guilty of either offense beyond a reasonable doubt; (2) he did not knowingly waive his right to a jury trial; and (3) under the one-

act-one-crime rule, he cannot be convicted of both telephone harassment and violation of an order of protection.

On August 19, 1998, Apryl Lagasca answered the telephone at her mother's home in Lisle.  A voice, which she recognized as defendant's, asked if Apryl was home.  When Lagasca answered that she was not home, the caller said, "Apryl, I know it's you."  Lagasca became frightened and hung up the phone.

Lagasca testified that she and defendant had dated in 1995 and 1996, while both were in high school.  The relationship apparently 
ended, because in January 1996 defendant came to Lagasca's boyfriend's house and screamed for her to come outside.  In June 1997, she obtained an emergency order of protection against defendant.  On June 18, 1997, she obtained a plenary order of protection that was to be effective for two years.  On July 4, 1997, defendant saw Lagasca with her boyfriend and started screaming at them.  Lagasca had not seen defendant since that incident.  Defendant testified that he began dating Lagasca in December 1994.  From their relationship, they have one child.

Lagasca testified that in August 1996 she had a fight with her parents and briefly moved out of their house.  She called defendant and his father helped her find an apartment.  Although defendant's name was not on the lease, he "might have been" there at times.  Lagasca testified that she and defendant were "not exactly" boyfriend and girlfriend at that time, but when asked if they were friends, she replied, "We talked, yes."

Lagasca also called defendant and arranged to meet him at Yorktown Mall in order to serve him with the order of protection.  Lagasca paged defendant and he called her back.  Lagasca had a friend serve defendant with the order while she was standing nearby.

Based on this evidence, the trial court found defendant guilty of telephone harassment and violation of an order of protection.  The court placed defendant on conditional discharge for one year.  Defendant filed a timely notice of appeal.

Defendant first contends that he was not proved guilty of either offense beyond a reasonable doubt.  
Where the sufficiency of the evidence is challenged on appeal, the relevant question is whether, after viewing all the evidence in a light most favorable to the prosecution, a rational trier of fact could have found all the elements of the offense beyond a reasonable doubt.  
People v. Collins
, 106 Ill. 2d 237, 261 (1985).  We will not reverse a criminal conviction unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of defendant's guilt.  
People v. Brackett
, 288 Ill. App. 3d 12, 19 (1997).  We may not substitute our judgment for that of the trier of fact on questions involving the weight of the evidence, the credibility of the witnesses, or the resolution of conflicting testimony.  
People v. Campbell
, 146 Ill. 2d 363, 375 (1992).

Defendant was charged under a section of the telephone harassment statute that prohibits making a telephone call "with the intent to abuse, threaten or harass any person."  720 ILCS 135/1--

1(2) (West 1998).  The complaint charging defendant with violating an order of protection alleges that he violated such an order "in that said defendant harassed Apryl Lagasca by telephone."  For purposes of an order of protection, "harassment" is defined as "knowing conduct which is not necessary to accomplish a purpose that is reasonable under the circumstances; would cause a reasonable person emotional distress; and does cause emotional distress to the petitioner."  750 ILCS 60/103(7) (West 1998); see 725 ILCS 5/112A--3(4) (West 1998).

The above-quoted definition governs prosecutions for violating an order of protection.  
People v. Wett
, 308 Ill. App. 3d 729, 732 (1999).  Although the telephone harassment statute does not specifically incorporate this definition of harassment, given the similar descriptions of the offenses, this seems to be a workable definition for that offense as well and we apply it here.

There is no evidence here that defendant's call was not for a reasonable purpose.  In fact, there is no evidence at all of the purpose of defendant's call.  Lagasca hung up before defendant stated his reason for calling.  In 
People v. Karich
, 293 Ill. App. 3d 135 (1997), the State failed to prove beyond a reasonable doubt the content of defendant's repeated calls.  As a result, the State could not establish that the calls did not have a reasonable purpose.  
Karich
, 293 Ill. App. 3d at 138-39.

In this case, none of the usual indicia of harassment was present.  Defendant did not call repeatedly.  He did not swear at the complainant, and he did not threaten her.  We cannot find an intent to harass based on a single phone call, the purpose of which was never established.

The State contends that the phone call must be viewed in the context of defendant's and Lagasca's relationship, in which defendant had previously screamed at Lagasca and threatened to kill her, causing her to obtain an order of protection against him.  While this history explains Lagasca's reaction to the call, it does not establish that the same conduct would cause distress to a reasonable person or that defendant's call lacked a reasonable purpose.  We note that Lagasca had apparently not had any contact with defendant for more than one year before the call in question.  Moreover, there was evidence that she contacted defendant on at least two occasions after the initial incident in which he screamed at her.  The defendant's prior conduct toward the victim, while potentially relevant, is simply too remote and attenuated to support the inference that defendant's call was part of a campaign of harassment.

Although the order of protection is not included in the record on appeal, the State asserts that it prohibited all contact between defendant and the complainant.  On the page of the record cited as support for this assertion, defendant is asked if the order prohibited all contact with his son, who lived with Lagasca.  Defendant responded, "I guess."  There is no reference to Lagasca.  Even if the order barred all contact with Lagasca, the complaint alleges that defendant violated the order by "harassing" the alleged victim.  The State refers to the order of protection only to argue that defendant's call could not have had a legitimate purpose (an argument at least implicitly rejected in 
Karich
) and does not appear to argue that defendant could be convicted under the complaint for merely contacting Lagasca.

Because the State failed to prove that defendant's call lacked a reasonable purpose, defendant was not proved guilty beyond a reasonable doubt of telephone harassment or violation of an order of protection.  Based on our resolution of this issue, we need not address defendant's remaining arguments.

The judgment of the circuit court of Du Page County is reversed.

Reversed.

INGLIS and THOMAS, JJ., concur.