THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. SUSAN OLSSON, Defendant-Appellee.

Fourth District    No. 4—01—0305

Opinion filed December 2, 2002.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Thomas R. Dodegge, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Darrel F. Parish, of Parish & Castleman, of Decatur, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Defendant Susan Olsson was charged by information for violation of a protective order. 720 ILCS 5/12—30 (West 1998). The information alleged defendant violated an order that prohibited defendant from telephoning her sister, Lisa Olsson, and a minor child. Defendant moved to dismiss the charge. Defendant argued section 12—30 of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/12—30 (West 1998)) cannot be violated by a single telephone call even if a protective order prohibits that telephone call. The Circuit Court for the Sixth Judicial Circuit, Champaign County, agreed and dismissed the charge. The State appealed. We reverse.

## I. BACKGROUND

In January 2000, the trial court granted Lisa Olsson's petition for an emergency protective order against defendant. Using a preprinted form, the trial court ordered defendant "to stay away from" Lisa Olsson and a minor child and "not communicate directly or indirectly with persons protected under this [o]rder, whether in person, by telephone, written notes, mail[,] or through third parties" through December 1, 2000.

In January 2001, the State charged defendant with violating the order of protection. The information alleged defendant knowingly committed an act prohibited by the order of protection in that she called Lisa Olsson on July 19, 2000, in violation of section 12—30 of the Criminal Code. Section 12—30 provides:

"A person commits violation of an order of protection if:

(1) He or she commits an act which was prohibited by a court *** in violation of:

(i) a remedy in a valid order of protection authorized under paragraph[ ] (1), (2), (3), (14), or (14.5) of subsection (b) of [s]ection 214 of the Illinois Domestic Violence Act of 1986." 720 ILCS 5/12—30 (West 1998).

In March 2001, defendant moved to dismiss the charge, alleging the charge failed to state an offense. Defendant argued violation of a protective order under section 12—30 may be stated only if there is an alleged violation of a prohibition or order authorized by subparagraph (1), (2), (3), (14), or (14.5) of section 214(b) of the Illinois Domestic Violence Act (750 ILCS 60/214(b) (West 1998)). Defendant maintained none of these subparagraphs authorized the trial court to prohibit communications by defendant to Lisa Olsson or the minor child and thus section 12—30 could not be violated by one nonharassing telephone call.

The State argued the charge stated an offense because section 214(b)(3) of the Illinois Domestic Violence Act authorized the trial

court's no-contact-by-telephone order. Section 214(b)(3) authorizes courts to order a "respondent to *stay away* from petitioner." (Emphasis added.) 750 ILCS 60/214(b)(3) (West 1998). The State contended "stay away" means courts may prohibit nonphysical, as well as physical, contact with an abused. This interpretation, according to the State, is clear from the plain meaning of the term "stay away" and is consistent with the purposes of the Illinois Domestic Violence Act.

Defendant insisted, however, section 214(b)(3) of the Illinois Domestic Violence Act authorizes prohibitions of only personal, physical contact and not nonphysical communications. Defendant contended this interpretation is clear from the plain language of "stay away," as well as from the context of the language of section 214(b)(3).

After hearing in April 2001, the trial court agreed with defendant, holding "[i]t is clear that that subsection talks about physical presence, not other communications. It would appear that we are not then talking about any violations for crime for violation of [o]rder of [p]rotection." The trial court dismissed the charge. The State appeals.

## II. ANALYSIS

This dispute involves one issue: the interpretation of the "stay[-] away" language in the Illinois Domestic Violence Act. Our review is *de novo. People v. Bowden*, 313 Ill. App. 3d 666, 668, 730 N.E.2d 138, 140 (2000).

■ The rules of statutory interpretation and construction are well settled and not in dispute. Like all endeavors to construe statutes, we must ascertain and give effect to the legislature's intent. We begin with the language of the statute itself, which is the best indication of legislative intent. *Bowden*, 313 Ill. App. 3d at 668, 730 N.E.2d at 140. We give the language its plain and ordinary meaning (*Staske v. City of Champaign*, 183 Ill. App. 3d 1, 4, 539 N.E.2d 747, 749 (1989)), and we read the statute as a whole and consider all relevant provisions together. *Kraft, Inc. v. Edgar*, 138 Ill. 2d 178, 189, 561 N.E.2d 656, 661 (1990).

If the statute is ambiguous and legislative intent cannot be determined from the plain and ordinary meaning of its language, we are guided by rules of statutory construction. *Bowden*, 313 Ill. App. 3d at 668, 730 N.E.2d at 140. These rules require us to consider "the reason and necessity for the statute, the evils to be remedied, and the object to be obtained by the statute" and "to avoid a construction of the statute that would defeat the statute's purpose or yield an absurd or unjust result." *In re A.P.*, 179 Ill. 2d 184, 195, 688 N.E.2d 642, 648 (1997).

■ In addition, and important here, the legislature in the text of

the Illinois Domestic Violence Act tells us to construe its provisions liberally to "promote its underlying purposes." *Wood v. Wood*, 284 Ill. App. 3d 718, 724, 672 N.E.2d 385, 389 (1996), citing 750 ILCS 60/102(4) (West 1994). These purposes include "[r]ecogniz[ing] domestic violence as a serious crime against the individual and society which produces family disharmony in thousands of Illinois families, promotes a pattern of escalating violence which frequently culminates in intra-family homicide, and creates an emotional atmosphere that is not conducive to healthy childhood development." 750 ILCS 60/102(1) (West 1998).

■ With these guidelines in mind, we interpret and construe section 214(b)(3). Section 214(b)(3) authorizes courts to do the following:

"Order respondent to stay away from petitioner or any other person protected by the order of protection, or prohibit respondent from entering or remaining present at petitioner's school, place of employment, or other specified places at times when petitioner is present, or both, if reasonable, given the balance of hardships. Hardships need not be balanced for the court to enter a stay[-] away order or prohibit entry if respondent has no right to enter the premises." 750 ILCS 60/214(b)(3) (West 1998).

■ Interpreting the Illinois Domestic Violence Act and section 214(b)(3) as the legislature tells us to do, we determine a "stay[-] away" order can encompass both physical presence and nonphysical contact. The Illinois Domestic Violence Act would fail in its purpose of protecting family harmony and creating an emotional atmosphere "conducive to healthy childhood development" if it cannot protect an abused person, particularly a minor, from receiving even a single or occasional telephone call from his or her abuser. If a protective order forbids telephone contact, then the defendant cannot use the telephone to contact the protected party.

We find defendant's arguments unpersuasive. Defendant first argues because the other provisions of section 214(b)(3) prohibit only physical contact, the "stay[-]away" language is meant to do the same. Defendant further contends the Illinois Domestic Violence Act addresses communications in section 214(b)(1) and only prohibits communications to the extent they are harassing. Defendant's argument may have carried some weight if the legislature addressed communications in one section and physical contact in another. This, however, is not what the legislature did. In section 214(b)(1), for example, the legislature addressed not only nonphysical communications, but also physical contact in that it authorized prohibitions of both harassment and stalking. We find the legislature did the same in section 214(b)(3), authorizing "stay[-]away" orders that may prohibit all types of contact.

Defendant next contends *People v. Spencer*, 314 Ill. App. 3d 206, 731 N.E.2d 1250 (2000), supports the interpretation a single telephone call does not violate section 12—13 of the Criminal Code. In *Spencer*, the Second District considered a conviction under section 12—13 for *harassing* the petitioner with one telephone call. *Spencer*, 314 Ill. App. 3d at 208, 731 N.E.2d at 1252. The *Spencer* court did not consider whether the defendant could have been convicted under section 214(b)(3) for simply contacting the petitioner. See *Spencer*, 314 Ill. App. 3d at 209, 731 N.E.2d at 1252 ("The State *** does not appear to argue that defendant could be convicted under the complaint for merely contacting [the alleged victim]"). *Spencer* simply does not apply.

## III. CONCLUSION

Accordingly, we hold the trial court erred in dismissing the charge against defendant. We reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

STEIGMANN and TURNER, JJ., concur.