No. 2--05--0385                                    filed: 1/31/07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 04--CF--870 |
| JOSEPH W. CUEVAS, | ) ) | Honorable Robert J. Anderson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BOWMAN delivered the opinion of the court:

On January 5, 2005, defendant, Joseph W. Cuevas, was convicted of one count of telephone harassment in violation of an order of protection (720 ILCS 135/1--1(2), 2(b)(3) (West 2004)). The trial court sentenced defendant on March 18, 2005, to a term of 364 days of periodic imprisonment and 30 months' probation. In addition, as a condition of his sentence, the court issued a no-contact order in favor of the victim, Rachel Block, and a witness, Cara Bruzas, and issued two plenary orders of protection in favor of Block and Bruzas and their respective families. Defendant now appeals the issuance of the two plenary orders, arguing that the trial court lacked jurisdiction to enter the Bruzas order and failed to comply with statutory procedures set forth in the Illinois Domestic Violence Act of 1986 (the Act) (750 ILCS 60/201 et seq. (West 2004)). We reverse.

I. BACKGROUND

Defendant's conviction resulted from the events following the end of his relationship with Block. The couple began dating in August 2003 and continued until January 2004. Block testified that on January 2, 2004, an argument ended in defendant grabbing Block by the arms and shaking her. The next evening, Block was driving to her parents' home in Elmhurst when defendant jumped out of his parked vehicle, forcing her to stop her car. Defendant pulled Block out of her car, began yelling at her, and threatened to kill her. Block received several phone calls from defendant throughout the evening, with defendant leaving messages threatening to harm Block and her family. Block went to the Elmhurst police station and reported the harassing phone calls and abusive behavior. On January 6, 2004, Block obtained an order of protection that stated that defendant could not have any contact, including phone calls, with Block.

Defendant admits he was served with the order of protection, but Block continued to receive phone calls after the order of protection was entered. The order expired on January 21, 2004, and Block did not renew the order. Block stated defendant continued to contact her in person and through the telephone after the order expired. Telephone records were admitted into evidence showing that defendant placed at least 240 calls to Block in the two-month period after the end of their relationship, including calls that were made while the order of protection was in effect.

The State charged defendant by indictment with one count of stalking (720 ILCS 5/12--7.3(a)(1) (West 2004)), one count of telephone harassment with the threat to kill (720 ILCS 135/1--1(2), 2(b)(4) (West 2004)), and one count of telephone harassment in violation of an order of protection (720 ILCS 135/1--1(2), 2(b)(3) (West 2004)). The jury trial commenced on January 4, 2005, and ended the following day with the jury finding defendant not guilty of stalking and telephone

harassment with the threat to kill but guilty of telephone harassment in violation of an order of protection.

The sentencing hearing took place on February 15, 2005, at which the State called Bruzas to testify. Bruzas began dating defendant while in high school in 1993 and the relationship continued for five years. Bruzas described several incidents, beginning in 1993 and continuing through the end of the relationship in 1997, in which defendant became violent and threatened her. In 1996, Bruzas's family filed charges of telephone harassment against defendant but eventually dropped the charges after defendant threatened harm to Bruzas if the family did not drop the charges. Bruzas attempted to end the relationship in 1997, and after several threatening episodes with defendant, she obtained an order of protection. The sentencing hearing was the first time she had seen defendant since 1998.

At the close of the hearing, the trial court sentenced defendant to two years' imprisonment, and defendant moved for reconsideration. On March 18, 2005, defendant was resentenced. During the hearing, the State requested that the trial court make treatment part of defendant's periodic release and requested that orders of protection be entered in favor of Block, Bruzas, and Bruzas's family pursuant to section 5--7--1(f) of the Unified Code of Corrections (730 ILCS 5/5--7--1(f) (West 2004)). Section 5--7--1(f) states:

"The court may issue an order of protection pursuant to the Illinois Domestic Violence Act of 1986 [(750 ILCS 60/101 et seq. (West 2004))] as a condition of a sentence of periodic imprisonment. The Illinois Domestic Violence Act of 1986 [(750 ILCS 60/101 et seq. (West 2004))] shall govern the issuance, enforcement and recording of orders of protection issued under this Section. A copy of the order of protection shall be transmitted

to the person or agency having responsibility for the case." 730 ILCS 5/5--7--1(f) (West 2004).

The trial court granted the State's request and issued the orders of protection and ordered treatment for defendant. In addition, the trial court ordered defendant to have no contact with Block, Bruzas, or their families, and issued plenary orders of protection in favor of Block, Bruzas, and their families. Further, the trial court amended defendant's sentence to 364 days' periodic imprisonment and 30 months' probation.

Counsel for defendant objected to the orders of protection on grounds that they were unnecessary because no-contact orders were included in the sentence. Defense counsel further questioned whether the court even had jurisdiction to enter the Bruzas order.

Defendant now appeals both orders and argues that the court did not have jurisdiction to enter the Bruzas order and that the court failed to follow the proper statutory procedures outlined in the Act.

## II. ANALYSIS

Because the issues on appeal relate to the construction of a statute, which is a question of law, our review is de novo. People v. Collins, 214 Ill. 2d 206, 214 (2005). We first address the Bruzas order. The State confesses error as to the Bruzas order because Bruzas was not a protected person under the Act at the time of defendant's sentencing hearing. In addition to the fact that Bruzas and defendant had not had contact since sometime in 1998, there was no evidence in the record that defendant posed any current threat to Bruzas or her family members. Therefore, the trial court erred in entering an order of protection in favor of Bruzas and her family members, and we reverse that order.

While we reverse the Bruzas order of protection, we recognize the potential trauma associated with testifying in domestic abuse cases, especially when witnesses may fear retaliatory abuse for their cooperation with prosecutors. We emphasize the fact that the trial court's no-contact order as to Bruzas and her family remains in effect and is a crucial term of defendant's probation. The no-contact order was well within the trial court's discretion (730 ILCS 5/5--6--3(b)(15) (West 2004)) and was reasonable given the nature of defendant's offense and history with Bruzas.

Next, defendant argues that the trial court failed to comply with the statutory requirements for orders of protection set forth in the Act. Defendant argues that an order of protection may be issued upon the following conditions: (1) a petition requesting the order is filed (750 ILCS 60/202(a)(3) (West 2004)); (2) the petition is in writing (750 ILCS 60/203(a) (West 2004)); (3) there is a finding of abuse (750 ILCS 60/214(a) (West 2004)); and (4) the court documents its specific findings on the record or in writing (750 ILCS 60/214(c)(3) (West 2004)). Defendant argues that the State failed to file a written petition but instead orally requested the order of protection for Block at the sentencing hearing. Defendant further argues that the court failed to document its specific findings of abuse on the record or in writing.

As in all efforts to construe a statute, we must ascertain and give effect to the legislature's intent, beginning first with the language of the statute. People v. Olsson, 335 Ill. App. 3d 372, 374 (2002). When considering the language of the statute, we give the language its plain and ordinary meaning, and we read the statute as a whole, considering all relevant provisions together. Olsson, 335 Ill. App. 3d at 374. If the statute is ambiguous or the legislative intent cannot be determined from the plain and ordinary meaning of the language, rules of statutory construction apply whereby we must consider the purpose of the statute and avoid a construction that would defeat the purpose

or yield an unjust result. <u>Olsson</u>, 335 Ill. App. 3d at 374. We find that the language and intent of the Act is clear and unambiguous.

In determining whether a written petition is required, we first look to section 202(a)(3) of the Act, which states that an action for an order of protection is commenced:

"In conjunction with a delinquency petition or a criminal prosecution: By filing a petition for an order of protection, under the same case number as the delinquency petition or criminal prosecution, to be granted during pretrial release of a defendant, with any dispositional order issued under Section 5--710 of the Juvenile Court Act of 1987 <u>or as a condition of release, supervision, conditional discharge, probation, periodic imprisonment, parole or mandatory supervised release</u>, or in conjunction with imprisonment or a bond forfeiture warrant; provided that:

(i) the violation is alleged in an information, complaint, indictment or delinquency petition on file, and the alleged offender and victim are family or household members or persons protected by this Act; and

(ii) the petition, which is filed by the State's Attorney, names a victim of the alleged crime as a petitioner." (Emphasis added.) 750 ILCS 60/202(a)(3) (West 2004).

Under section 202(a)(3), an order of protection may be granted as a condition of periodic imprisonment provided that the conditions listed are satisfied. The first condition, that the violation be alleged in a charging instrument and that the victim and offender are persons covered by the Act, is clearly met. That the defendant and Block are persons intended to be covered by the Act is undisputed, and defendant's violations are clearly alleged in the indictments on the record.

We find that the second condition, that the petition filed by the State's Attorney name the victim as the petitioner, was not satisfied. Subsection (ii) of section 202(a)(3) does not specifically state that the State's Attorney must file a written petition in cases where an order of protection is requested as a term of the defendant's sentence. However, we must construe the statute as a whole and consider all relevant provisions together. Olsson, 335 Ill. App. 3d at 374. Defendant raises section 203(a) in support of his argument that the State was required to file a written petition, and we agree that section 203(a) controls. Section 203(a) states:

"A petition for an order of protection shall be in writing and verified or accompanied by affidavit and shall allege that petitioner has been abused by respondent, who is a family or household member. The petition shall further set forth whether there is any other pending action between the parties. During the pendency of this proceeding, each party has a continuing duty to inform the court of any subsequent proceeding for an order of protection in this or any other state." (Emphasis added.) 750 ILCS 60/203(a) (West 2004).

The plain language of section 203(a) requires that a petition for an order of protection be in writing. Here, the State failed to file a written petition naming Block as the petitioner as required by sections 202(a)(3) and 203(a). See 750 ILCS 60/202(a)(3), 203(a) (West 2004). Therefore, the order of protection entered in favor of Block and her family is reversed.

For the sake of completeness, we address defendant's argument that the Block order should be reversed because the trial court failed to document its findings of abuse on the record or in writing. Section 214(c)(3) states:

"Subject to the exceptions set forth in paragraph (4) of this subsection, the court shall make its findings in an official record or in writing, and shall at a minimum set forth the following:

(i) That the court has considered the applicable relevant factors described in paragraphs (1) and (2) of this subsection.

(ii) Whether the conduct or actions of respondent, unless prohibited, will likely cause irreparable harm or continued abuse.

(iii) Whether it is necessary to grant the requested relief in order to protect petitioner or other alleged abused persons." 750 ILCS 60/214(c)(3) (West 2004).

Because this case involved a jury trial as to defendant's harassing behavior toward Block, which trial ended in defendant's conviction, we find that the transcripts of the jury trial sufficiently satisfy section 214(c)(3) of the Act. Defendant raises two cases in support of his position, Hedrick-Koroll v. Bagley, 352 Ill. App. 3d 590 (2004), and People ex rel. Minteer v. Kozin, 297 Ill. App. 3d 1038 (1998), both of which are distinguishable from the facts of this case.

In Bagley, the emergency order of protection stated it was " 'based on the findings of this court *** which were made orally for transcription' " but there was no transcript of the hearing. Bagley, 352 Ill. App. 3d at 593. Without a complete record, the appellate court remanded the cause to the trial court so that it could make specific findings required by law. Bagley, 352 Ill. App. 3d at 594. Unlike in Bagley, the record in this case is complete. The trial transcript in this case thoroughly documents the nature, frequency, and pattern of harassment that defendant inflicted upon the victim. See In re Marriage of McCoy, 253 Ill. App. 3d 958, 965 (1993) ("A reviewing court will not overturn an order for lack of greater specificity when the record supports the statutorily required findings").

In <u>Kozin</u>, the trial court improperly considered evidence presented at a previous <u>ex parte</u> hearing when determining whether the petitioner proved by a preponderance of the evidence that the respondent abused her. <u>Kozin</u>, 297 Ill. App. 3d at 1041. Further, the trial court did not state any of its findings but merely stated that " 'respondent failed to overcome the prima facie case established in the record of this cause.' " <u>Kozin</u>, 297 Ill. App. 3d at 1041. Unlike in <u>Kozin</u>, where the defendant raised a question of the sufficiency of evidence, the jury here found defendant to have harassed Block beyond a reasonable doubt, and no issue has been raised as to the sufficiency of that verdict. Further, the record is complete with the trial court transcripts.

Thus, the trial court record of defendant's conviction of telephone harassment sufficiently meets the requirements set forth in section 214(c)(3) of the Act. See 750 ILCS 214(c)(3) (West 2004). However, we reverse the Block order because the State's oral petition does not satisfy the writing requirement of sections 202(a)(3) and 203(a). See 750 ILCS 60/202(a)(3), 203(a) (West 2004).

### III. CONCLUSION

Based on the foregoing, we reverse both orders of protection entered by the trial court in favor of Bruzas and the Bruzas family and in favor of Block and the Block family.

Reversed.

O'MALLEY, J., concurs.

JUSTICE GILLERAN JOHNSON, specially concurring:

The State's evidence at trial was more than sufficient to support the jury's determination that the defendant had committed telephone harassment in violation of an order of protection. Rachel Block testified at trial that she had obtained an order of protection against the defendant, her former

boyfriend, in January 2004 after he had physically assaulted her and threatened to kill her. This order of protection prohibited the defendant from having any contact with her. Notwithstanding this order, the defendant made several harassing phone calls to the victim. From this evidence, the jury concluded beyond a reasonable doubt that the defendant had committed the crime with which he had been charged.

Due to the nature of the crime of telephone harassment, which often accompanies domestic violence, the legislature has authorized several possible sentences for the trial court to impose. These sentencing options include an order of protection. An order of protection is an important sentencing option to further protect the victim because it extends up to an additional two years beyond any sentence of periodic imprisonment or probation that the trial court imposes. 750 ILCS 60/220(b)(2)(iii) (West 2004). Here, the trial court sentenced the defendant to 364 days' periodic imprisonment and 30 months' probation, entered a no-contact order as a condition of his sentence, and entered an order of protection on behalf of the victim. Thus, the order of protection would continue to protect the victim well after the defendant's term of probation had concluded.

Nonetheless, as the majority explains, the order of protection was invalid because the petition was not in writing and because it did not identify Block as the petitioner. See 750 ILCS 60/202(a)(3), 203(a) (West 2004). Taking into consideration the plain and ordinary language of the statute, this court cannot reach a different result. See Olsson, 335 Ill. App. 3d at 374.

I write separately to encourage the legislature to reconsider the existing law because the requirement that the petition for an order of protection be in writing is unnecessary if such an order is entered following a criminal conviction after a trial. It is apparent that the legislature has required that the petition for an order of protection be in writing and be verified or accompanied by the

petitioner's affidavit so as to thwart false or malicious allegations by the petitioner. See 750 ILCS 60/203(a) (West 2004). However, such concerns are eliminated when the order of protection is entered following a trial where the victim testified and a finding of guilt beyond a reasonable doubt has been established. Furthermore, the Act requires the State to prove the petitioner's allegations only by a preponderance of the evidence to obtain an order of protection. See 750 ILCS 60/205(a) (West 2004). Here, at issue were not unproven allegations but rather proof beyond a reasonable doubt that the defendant had committed telephone harassment. This was not an ex parte hearing without notice. The defendant was afforded all the protections to which he was entitled. The victim should also be afforded greater protections to ensure that she is not abused or harassed by the defendant again.

In suggesting that the current law be amended, I note that the legislature is well aware of the trauma that domestic violence inflicts. See 750 ILCS 60/102 (West 2004). The legislature has directed that the Act is to be liberally construed so that victims of domestic violence are not further abused. See 750 ILCS 60/102 (West 2004). The legislature's commitment to deterring domestic violence is demonstrated also by the numerous times it has amended the Act to strengthen the protections it affords the victims of this crime. See, e.g., 750 ILCS 60/214 (West 2004) (and the accompanying legislative history). As such, my comments herein are not intended to criticize the legislature's past efforts to deter domestic violence, but rather to encourage the legislature to remedy a shortcoming in the law, evident by the facts of this case.

Finally, I note that it would not have been difficult for the State to comply with the statutory requirements and to ensure that the protective order entered against the defendant was valid. All that would have been required was for the State to either ask to reinstate the previous order of protection

or file a petition in writing, identifying Block as the petitioner and requesting that an order of protection be entered on her behalf.  Although the State may have acted inadvertently, it nevertheless did not zealously and diligently protect the victim in this case.