(No. 53584.—

(No. 53686.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. FREDERICK MARBLE, Appellee.—THE PEOPLE
OF THE STATE OF ILLINOIS, Appellee, v. WILLIE
R. COLE, Appellant.

*Opinion filed June 1, 1982.*

Tyrone C. Fahner and William J. Scott, Attorneys General, of Springfield, and Richard M. Daley and Bernard Carey, State's Attorneys, of Chicago (Melbourne A. Noel, Jr., Thomas E. Holum, and Mark L. Rotert, Assistant Attorneys General, of Chicago, and Marcia B. Orr and Thomas J. Leanse, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Robert P. Isaacson, Assistant Public Defender, and John J. Walsh, law student, of counsel), for appellee.

John X. Breslin, Deputy Director of the State's Attorneys Appellate Service Commission, of Ottawa, for *amicus curiae* State's Attorneys Appellate Service Commission.

Robert Agostinelli, Deputy Defender, and Verlin R. F. Meinz, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellant.

No appearance for appellee.

JUSTICE WARD delivered the opinion of the court:

These consolidated appeals involve an examination of provisions of our statutes relating to escapes—section 31—6 of the Criminal Code of 1961 and section 3—6—4 of the Unified Code of Corrections.

In cause No. 53584 we will set out only those facts nec-

essary to an understanding of the questions presented. They are not in dispute. In July of 1978, the defendant, Frederick Marble, was serving a term with a provision for work release at the Chicago Work Release Center of the Cook County Department of Corrections in the Cook County jail. He was given the work-release sentence after he had violated a probationary term given upon his conviction for burglary. On the morning of July 7, 1978, Marble was allowed to leave the Cook County jail on work release with the requirement that he return by 8 p.m. He failed to return. He was indicted and later was found guilty in the circuit court of Cook County on two charges of escape—one under section 31—6(a) of the Criminal Code of 1961 (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 31—6(a)) and the other under section 3—6—4(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1003—6—4(a)). The court considered that the convictions were merged, and Marble was given the minimum sentence under section 31—6(a) of three years' imprisonment. The appellate court reversed (*People v. Marble* (1980), 84 Ill. App. 3d 1), and we granted the People's petition for leave to appeal (73 Ill. 2d R. 315).

In cause No. 53686 the defendant, Willie R. Cole, was at the Peoria Community Correctional Center serving a term on work release for burglary. On Friday, June 10, 1977, he left the correctional center on work release. He normally would have been required to return that evening, but he was given unescorted furlough leave until Monday morning. As a condition to being given leave, Cole was required to call the correctional center every few hours to report where he could be reached. When reporting during the evening of June 11, 1977, Cole was told that he had violated conditions of his work release and that he had to return to the correctional center immediately. A correctional counselor testified that Cole said he would shoot anyone who came after him and that he would return to the

correctional center on Monday morning as originally scheduled. Cole never returned to the center, but he was apprehended 14 months later in Pekin. The circuit court of Peoria County found Cole guilty of escape in violation of section 31—6(a) of the Criminal Code of 1961. He was sentenced to three years' imprisonment, which was to be served consecutively to the burglary sentence he had been serving. The appellate court affirmed the conviction. (*People v. Cole* (1980), 84 Ill. App. 3d 347.) We granted the defendant's petition for leave to appeal (73 Ill. 2d R. 315) and consolidated the cause with that of defendant Marble.

Section 31—6(a) of the Criminal Code of 1961 states:

"A person convicted of a felony, or charged with the commission of a felony who intentionally escapes from any penal institution or from the custody of an employee of that institution commits a Class 2 felony."

Section 3—6—4(a) of the Unified Code of Corrections provides:

"A committed person who escapes or attempts to escape from an institution or facility of the Adult Division [of the Department of Corrections] *** is guilty of a Class 2 felony. A committed person who fails to return from furlough or from work and day release is guilty of a Class 3 felony."

Each of the defendants contends that his conviction under section 31—6(a) was improper: (1) because he did not escape, but merely failed to return from an authorized absence; (2) because the institution to which he was committed was not a "penal institution"; and (3) because the Unified Code of Corrections provides the specific and exclusive penalty for failure to return from an authorized absence. Each of these contentions was asserted and rejected by us in *People v. Simmons* (1981), 88 Ill. 2d 270. The factual situation in *Simmons* was similar to the one here. The defendant there was convicted under section 31—6(a) after

he failed to return to the facility after six hours of independent day release. On appeal, we held that the Peoria Community Correctional Center, where the defendant had been confined, and similar work-release centers or halfway houses, are penal institutions within the meaning of the statute. We consider that the Chicago Work Release Center of the Cook County Department of Corrections is such a facility. Too, we held that a failure to return from a temporary release may violate section 31—6(a). Lastly, we said that "escape is especially serious if it is *either* by a felon *or* from the facilities of the Adult Division," and we noted that "there is no inconsistency between the two escape provisions, and no reason to read either as creating any exception to the other." (88 Ill. 2d 270, 275.) Thus, the Unified Code of Corrections does not provide the exclusive authority for prosecuting a failure to return from an authorized absence by a person convicted of a felony. Both Marble and Cole were properly convicted of violating section 31—6(a) of the Criminal Code of 1961.

Marble also contends that his conviction for escape under section 3—6—4(a) of the Unified Code of Corrections was improper since he was not a "committed person" within the meaning of the statute. The statute refers to the escape of "committed persons." Section 3—1—2 defines "committed person" as "a person committed to the Department." "Department" is further defined as "the Department of Corrections of this State." "Commitment" means "a judicially determined placement in the custody of the Department of Corrections on the basis of delinquency or conviction." (Ill. Rev. Stat. 1977, ch. 38, par. 1003—1—2.) Marble contends that he was not subject to the provisions of section 3—6—4 because he was in the custody of the Cook County Department of Corrections, not in the custody of the State of Illinois Department of Corrections.

Marble's point is well taken. The language of the stat-

ute is clear. We follow definitions provided by the legislature. Since Marble was not committed to the Illinois Department of Corrections, he is not a member of the class to which section 3—6—4 was to apply. His conviction under section 3—6—4(a) was properly reversed by the appellate court.

We would observe here that the parties, in discussing this question, have apparently misconstrued section 5—7—3 of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—7—3). Section 5—7—3 reads:

"(a) Commitment under a sentence of periodic imprisonment for a misdemeanor shall be to the sheriff or the superintendent of the house of corrections or workhouse.

(b) Commitment under a sentence of periodic imprisonment for a felony may be under paragraph (a) of this Section or to the Department of Corrections if the Director of the Department has certified that appropriate facilities and personnel are available to administer sentences of periodic imprisonment.

(c) The Director of the Department of Corrections may certify that an appropriate institution has the facilities and personnel to administer periodic imprisonment. Such certification shall be filed with the clerk of the circuit court from which commitments to such institution will be accepted. Any such certification may be revoked by filing a notice of revocation with such clerk."

The parties mistakenly believe that section 5—7—3 authorizes the Director of the Illinois Department of Corrections to certify that a county jail, or a similar local institution, has appropriate facilities and personnel to administer periodic imprisonment. Certification in this manner, the parties say, would allow an inmate of a local correctional facility to be considered to be committed to the Illinois Department of Corrections. Section 3—6—4(a), they note, would then be applicable to escapees from a local facility certified for periodic imprisonment. Section 5—7—3, however, allows pris-

oners on work release to be committed to the Department of Corrections if the Director certifies that the *Department's* institutions have facilities to administer work-release programs. County institutions need not be certified before conducting programs of periodic imprisonment. There is evidence of this intention shown in the council commentaries following sections 5—7—3 and 5—6—3 of the sentencing chapter of the Unified Code of Corrections. (Section 5—6—3, *inter alia*, allows imposition of periodic imprisonment as a condition of probation.) The council commentary to section 5—7—3 states that the section "follows former law but *adds* commitment to the Department of Corrections when it certifies that *it* can receive such commitments." (Emphasis added.) (Ill. Ann. Stat., ch. 38, par. 1005—7—3, Council Commentary, at 454 (Smith-Hurd 1978).) Moreover, the council commentary to section 5—6—3 points out that "unless the Director of Corrections certifies under section [*sic*] 1005—7—3 that facilities for periodic imprisonment are available, probationers can only serve imprisonment in the county jail." Ill. Ann. Stat., ch. 38, par. 1005—6—3, Council Commentary, at 399 (Smith-Hurd 1978).

In any event, even if section 3—6—4 were considered to be applicable to Marble, we would observe that he could not, on these facts, be convicted of escape under both section 31—6(a) and section 3—6—4(a). In *People v. King* (1977), 66 Ill. 2d 551, 556, this court held that "[p]rejudice results to the defendant *** in those instances where more than one offense is carved from the same physical act." This court has stated, too, that "when a defendant's act is in violation of more than one statute, and each statute requires different proof for conviction or provides for different defenses, the State has the discretion to determine under which statute, including that providing for a greater sentence, the defendant will be prosecuted." *People v. Hen-*

*derson* (1978), 71 Ill. 2d 53, 56-57.

For the reasons given, the judgment of the appellate court in cause No. 53584, insofar as it reversed Marble's escape conviction under section 3—6—4(a) of the Unified Code of Corrections, is affirmed; that portion of the judgment reversing the conviction under section 31—6(a) is reversed. That part of the judgment of the circuit court of Cook County relating to the conviction of Marble under section 3—6—4(a) of the Criminal Code of 1961 is reversed; the balance of the circuit court's judgment is affirmed. In cause No. 53686 the judgment of the appellate court, affirming the judgment of conviction of Willie F. Cole in the circuit court of Peoria County, is affirmed.

> 53584 — *Appellate court affirmed in part and reversed in part; circuit court affirmed in part and reversed in part.*
>
> 53686 — *Judgment affirmed.*