730 N.E.2d 138 (2000)
313 Ill. App.3d 666
246 Ill.Dec. 458
The PEOPLE of the State of Illinois, Plaintiff-Appellant,
v.
Wesley R. BOWDEN, Defendant-Appellee.
No. 4-99-0081.
Appellate Court of Illinois, Fourth District.
May 22, 2000.
*139 Elliott Turpin, State's Attorney, Carrollton, Norbert J. Goetten, Director, Robert J. Biderman, Deputy Director, Linda Susan McClain, Staff Attorney, State's Attorneys Appellate Prosecutor, Springfield, for the People.
Daniel D. Yuhas, Deputy Defender (Court-appointed), Timothy E. Hoerman, Assistant Defender, Office of State Appellate Defender, Springfield, for Wesley R. Bowden.
Justice KNECHT delivered the opinion of the court:
The State appeals the order of the circuit court of Greene County dismissing a felony charge of escape (720 ILCS 5/31-6(a) (West 1998)) it brought against defendant, Wesley R. Bowden. We affirm.

I. BACKGROUND
In 1998, the defendant was committed to the Greene County jail in lieu of posting bail to await trial on a pending felony charge of obstruction of justice, a Class 4 felony (720 ILCS 5/31-4(a), (d)(1) (West 1998)). On November 17, 1998, the trial court modified the conditions of defendant's bail to authorize work release. Under the terms of defendant's bail, beginning November 18, 1998, defendant was to be released from the county jail at 7 a.m. and to return at 7 p.m. On November 18, 1998, defendant was released as scheduled but thereafter failed to return.
On November 19, 1998, the State charged defendant with one count of escape in violation of section 31-6(a) of the Criminal Code of 1961 (Code) (720 ILCS 5/31-6(a) (West 1998)). On December 29, 1998, defendant filed a memorandum of law in support of a motion to dismiss, contending he was not properly charged with escape under section 31-6(a) of the Code. On January 15, 1999, the trial court dismissed the charge of escape against defendant. The State appeals.

II. ANALYSIS
This appeal presents one issue for our review: whether a person charged with a felony who is released on work release from a penal institution as a condition of bail, but fails to return, may properly be prosecuted for the Class 2 felony of escape as defined in section 31-6(a) of the Code (720 ILCS 5/31-6(a) (West 1998)).
The statutory provision in question provides as follows:
"Escape; failure to report to a penal institution or to report for periodic imprisonment.
(a) A person convicted of a felony or charged with the commission of a felony who intentionally escapes from any penal institution or from the custody of an employee of that institution commits a Class 2 felony; however, a person convicted of a felony who knowingly fails to report to a penal institution or to report for periodic imprisonment at any time or knowingly fails to return from furlough or from work and day release or who knowingly fails to abide by the terms of home confinement is guilty of a Class 3 felony." (Emphasis added.) 720 ILCS 5/31-6(a) (West 1998).
Here, the Class 3 felony provision of section 31-6(a) is not at issue as the defendant, in the present case, was committed to the county jail not as a convicted felon but, rather, in lieu of posting bail before trial. Accordingly, the State contends defendant is properly charged with escape under the Class 2 felony provision of section 31-6(a) of the Code (720 ILCS 5/31-6(a) (West 1998)) as a person charged with the commission of a felony who intentionally escaped from a penal institution. In response, defendant argues his actions are not properly characterized as an "escape" under the Class 2 felony provision of section *140 31-6(a) but, rather, as a failure to return from a work release.
Hence, the question before us becomes whether the failure to return from work release, when ordered as a condition of bail for a defendant charged with a felony, constitutes an "escape" from a penal institution in violation of the Class 2 felony provision of section 31-6(a) (720 ILCS 5/31-6(a) (West 1998)).
Because this case presents no questions of fact and our decision turns on the proper interpretation of the statute, we review the trial court's ruling de novo. In re Application of the County Treasurer & Ex Officio County Collector, 307 Ill.App.3d 350, 353, 240 Ill.Dec. 437, 717 N.E.2d 530, 533 (1999). A fundamental canon of statutory interpretation and construction is to ascertain and give effect to the intention of the legislature. McCann v. Presswood, 308 Ill.App.3d 1068, 1071, 242 Ill.Dec. 532, 721 N.E.2d 811, 813 (1999). This inquiry appropriately begins with the language of the statute itself (People v. Woodard, 175 Ill.2d 435, 443, 222 Ill.Dec. 401, 677 N.E.2d 935, 939 (1997)), as the language used by the legislature is the best indication of legislative intent (Nottage v. Jeka, 172 Ill.2d 386, 392, 217 Ill.Dec. 298, 667 N.E.2d 91, 93 (1996)). In interpreting a statute, a court must give the legislative language its plain and ordinary meaning. Staske v. City of Champaign, 183 Ill.App.3d 1, 4, 132 Ill.Dec. 184, 539 N.E.2d 747, 749 (1989). Where a statute is ambiguous and the legislative intent cannot be ascertained from the plain and ordinary meaning of its language, then the court is guided by the rules of statutory construction. Village of Buffalo v. Illinois Commerce Comm'n, 180 Ill.App.3d 591, 595, 129 Ill.Dec. 598, 536 N.E.2d 438, 441 (1989).
In the present case, the State maintains defendant was properly charged with a Class 2 felony under section 31-6(a), citing People v. Simmons, 88 Ill.2d 270, 58 Ill. Dec. 781, 430 N.E.2d 1032 (1981). In Simmons, the Supreme Court of Illinois interpreted section 31-6(a), which then provided only for a Class 2 felony, stating as follows: "A person convicted of a felony, or charged with the commission of a felony who intentionally escapes from any penal institution * * * commits a Class 2 felony." Ill.Rev.Stat.1977, ch. 38, par. 31-6(a). Section 3-6-4(a) of the Unified Code of Corrections (Unified Code) (Ill.Rev.Stat. 1977, ch. 38, par. 1003-6-4(a)) meanwhile provided as follows:
"A committed person who escapes or attempts to escape from an institution or facility of the Adult Division [of the Department of Corrections], or escapes or attempts to escape while in the custody of an employee of the Adult Division, or holds or participates in the holding of any person as a hostage by force, threat or violence, while participating in any disturbance, demonstration or riot, causes, directs[,] or participates in the destruction of any property is guilty of a Class 2 felony. A committed person who fails to return from furlough or from work and day release is guilty of a Class 3 felony."
In interpreting section 31-6(a) of the Code, our supreme court noted that the Unified Code "defines `escape' as `intentional and unauthorized absence' of a committed person from the custody of the Department" (Simmons, 88 Ill.2d at 270, 58 Ill.Dec. 781, 430 N.E.2d at 1033) and found "no reason why conduct that is considered an escape under the [Unified Code and other statutory provisions] should not also be escape for purposes of the [Code]" (Simmons, 88 Ill.2d at 273, 58 Ill.Dec. 781, 430 N.E.2d at 1034). In so doing, the court found an unauthorized absence from a work-release program was properly prosecuted as an escape under section 31-6(a) (Ill.Rev.Stat. 1977, ch. 38, par. 31-6(a)), reasoning as follows:
"[W]e think the proper interpretation of the provisions found in the [Code] and in the [Unified Code], read together, is that escape is especially serious if it is either by a felon or from the facilities of the Adult Division, around which the *141 legislature chose to erect a special legal barrier to escape. To vindicate all the interests that must be protected, the State must be able to prosecute under either statute as it chooses.
Even if the [Code] were invariably more severe than the corrections code, the coexistence of the two statutes could be justified on the ground that the legislature wanted to give prosecutors and juries a choice. [Citation.] We see no reason to depart from the general rule that where conduct violates two criminal statutes possessing different elements or defenses (here commitment for a felony under one statute or to the Adult Division under the other) the State is free to prosecute under whichever carries the greater penalty. [Citation.]" (Emphasis in original.) Simmons, 88 Ill.2d at 275-76, 58 Ill.Dec. 781, 430 N.E.2d at 1035.
The Simmons court further explained:
"The phenomenon of two escape statutes covering in some instances the same conduct did not originate with the corrections code but with the [Code] itself. The [Code] took anti-escape prohibitions that formerly applied only to jails, workhouses, and houses of correction (Ill.Rev.Stat.1959, ch. 38, par. 228b), and expanded them to cover all penal institutions, specifically defined (Ill. Rev. Stat.1977, ch. 38, par. 2-14) to include penitentiaries, state farms, and reformatories, while leaving intact the special escape provisions in statutes dealing with the penitentiary (Ill.Rev.Stat.1961, ch. 108, par. 121), the state farm (Ill. Rev.Stat.1961, ch. 118, par. 18), and the women's reformatory (Ill.Rev.Stat. 1961, ch. 23, par. 2807). To hold that the [Code] did not apply to escapes from those institutions that had escape laws of their own would not only ignore the express definition of `penal institution' but would almost wipe out the change in the law the [Code] provision was designed to effect, namely expansion of the coverage to all institutions. Thus, before passage of the [Unified Code], an escapee could be prosecuted under either the [Code] or the special statute dealing with the particular institution. As we have explained, we find nothing in the corrections code definite enough to convince us that the legislature intended any change in that policy." Simmons, 88 Ill.2d at 277, 58 Ill.Dec. 781, 430 N.E.2d 1032, 430 N.E.2d at 1036.
Thereafter, in People v. Marble, 91 Ill.2d 242, 247, 62 Ill.Dec. 953, 437 N.E.2d 641, 643 (1982), the supreme court followed its decision in Simmons, again finding failure to return from temporary work release constitutes an escape within meaning of section 31-6(a) of the Code (Ill.Rev.Stat. 1977, ch. 38, par. 31-6(a)).
After the decisions in Simmons and Marble, the legislature amended section 31-6(a) (Pub. Act 83-248, § 1, eff. January 1, 1984 (1983 Ill. Laws 1928)), adding the Class 3 felony provision as its second clause, which provides in its present form:
"[A] person convicted of a felony who knowingly fails to report to a penal institution or to report for periodic imprisonment at any time or knowingly fails to return from furlough or from work and day release or who knowingly fails to abide by the terms of home confinement is guilty of a Class 3 felony." 720 ILCS 5/31-6(a) (West 1998).
The State concedes additional language was added to section 31-6(a) of the Code after the decisions in Simmons and Marble, but it argues the later amendment does not alter the judicial interpretation of escape as including a failure to return from a temporary work release.
Our reading of section 31-6(a) of the Code, together with its succeeding amendment, does not permit this interpretation. We decline to adopt the State's proposed construction.
An interpreting court presumes an amendment of a statute is made to effect some purpose, and that effect must be given to the law amended in a manner *142 consistent with the amendment. People v. McCoy, 63 Ill.2d 40, 45, 344 N.E.2d 436, 439 (1976). The legislature is presumed to know the construction the statute has been given and, by reenactment, is assumed to have intended for the new statute to have the same effect. Williams v. Crickman, 81 Ill.2d 105, 111, 39 Ill.Dec. 820, 405 N.E.2d 799, 802 (1980). While an amendment to an unambiguous statute indicates an intent to change the law, an amendment to an ambiguous statute can be interpreted as intending to clarify that ambiguity. Board of Regents of the Regency Universities System v. Illinois Educational Labor Relations Board, 166 Ill.App.3d 730, 744, 117 Ill.Dec. 799, 520 N.E.2d 1150, 1159 (1988).
In reading the statutory provision and its amendment, this court finds the 1984 amendment to section 31-6(a) of the Code, Public Act 83-248, materially changed the provision, creating a presumption the amendment was intended to clarify the definition of "escape." See generally DeGrand v. Motors Insurance Corp., 146 Ill.2d 521, 531, 167 Ill.Dec. 944, 588 N.E.2d 1074, 1079 (1992) (finding material change in statute by amendment creates presumption legislature intended to change the law). Our conclusion is supported by the fact the State's proposed interpretation not only violates fundamental principles of statutory interpretation but also yields an absurd result.
Courts may not, under the guise of statutory interpretation, create new rights or limitations not suggested by the language of the statute. Trigg v. Sanders, 162 Ill.App.3d 719, 727, 114 Ill.Dec. 96, 515 N.E.2d 1367, 1372 (1987). A court cannot read into a statute words that are not within the intention of the legislature as determined from the statute, nor can a court restrict or enlarge the meaning of a statute. Trigg, 162 Ill.App.3d at 727, 114 Ill.Dec. 96, 515 N.E.2d at 1373.
Here, the legislature, in amending section 31-6(a) and creating the Class 3 felony provision, made an express distinction between the act of "escape" and that of "failure to return." In making this distinction, the legislature omitted the act of failure to return from the Class 2 felony provision of section 31-6(a). Whether this omission was inadvertent or deliberate, we are prevented from reading the act of failure to return into the Class 2 felony provision of section 31-6(a).
We further reject the State's interpretation of section 31-6(a) because it would yield an unjust result. Under the State's interpretation, a convicted felon who fails to return from work release is guilty of a Class 3 felony, while an individual merely charged with a felony who fails to return is guilty of a more serious Class 2 felony. An interpreting court must presume the legislature did not intend to produce an unjust or absurd result. Mattis v. State Universities Retirement System, 296 Ill.App.3d 675, 679, 231 Ill.Dec. 49, 695 N.E.2d 566, 569 (1998).
Thus, we find, as did the trial court, section 31-6(a) of the Code simply does not address the situation wherein a person held in a penal institution and charged with a felonybut not convictedfails to return from a work release as required by his bail bond. Accordingly, we conclude defendant was not an escapee as defined in section 31-6(a) of the Code but, rather, a person released on bail who violated a condition of his bail providing for work release (see 720 ILCS 5/32-10(a), (d) (West 1998)).

III. CONCLUSION
We hold the failure of a defendant in the custody of a penal institution charged with the commission of a felony who knowingly fails to return to a penal institution from a temporary work release as a condition of bail is not properly chargeable with escape as defined in section 31-6(a) of the Code.
Affirmed.
COOK, P.J., and GARMAN, J., concur.