NO. 4-01-0847

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,

           Plaintiff-Appellant,

           v.

SHEILA RAE SHANKLIN,

           Defendant-Appellee.

)

)

)

)

)

)

)

)

  Appeal from

  Circuit Court of 

  McLean County

  No. 01CM37

  Honorable

  Charles M. Feeney,

  Judge Presiding.

______________________________________________________________

JUSTICE TURNER 
delivered the opinion of the court:

In January 2001, the State charged defendant, Sheila Rae Shanklin, with four counts of cruel treatment of animals (510 ILCS 70/3.01 (West 2000)) and five counts of violation of an owner's duties (510 ILCS 70/3 (West 2000))
 for her actions on or about December 27, 2000.  That same month, the State charged her with an additional two counts of cruel treatment of animals (510 ILCS 70/3.01 (West 2000))
 and two counts of violation of an owner's duties (510 ILCS 70/3 (West 2000))
 for her actions on or about January 19, 2001, through January 21, 2001.  In September 2001, defendant filed a motion to dismiss all charges.  That same month, the trial court dismissed the nine charges that did not relate to dogs, finding section 16(c)(1) of the Humane Care for Animals Act (Animal Act) (510 ILCS 70/16(c)(1) (West 2000))
 limited criminal sanctions under subsection (c) to violations involving dogs only.  The State appeals, asserting the trial court erred in dismissing the charges.  We reverse and remand.

I. ANALYSIS

Subsection 16(c) of the Animal Act (510 ILCS 70/16(c) (West 2000))
 contains
 the only criminal sanctions for cruel treatment of animals and violation of an owner's duties
.
  Thus, the question before us is whether section 16(c) of the Animal Act applies to
 violations involving animals other than dogs.  Because the interpretation of a statute is a question of law, our review is 
de
 
novo
.  
People v. Maggette
, 195 Ill. 2d 336, 348, 747 N.E.2d 339, 346 (2001).

In interpreting a statute, this court must ascertain and give effect to the legislature's intent.  Such an inquiry appropriately begins with the language of the statute itself, since the language used by the legislature is the best indication of legislative intent.  In analyzing the legislative language, we give the language its plain and ordinary meaning.  Where a statute is ambiguous and the legislative intent cannot be ascertained from the plain and ordinary meaning of its language, this court is guided by the rules of statutory construction.  
People v. Bowden
, 313 Ill. App. 3d 666, 668, 730 N.E.2d 138, 140 (2000)
.  A statute is ambiguous when it can be reasonably interpreted in two different ways.  
People v. Holloway
, 177 Ill. 2d 1, 8, 682 N.E.2d 59, 63 (1997).
 

 Section 16 of the Animal Act provides, in pertinent part, the following:

"(c)(1) This subsection (c) applies exclusively where the only animals involved in the violation are dogs.
"  510 ILCS 70/16 (c)(1) (West 2000).

The trial court interpreted the aforementioned language as limiting the applicability of subsection (c) to dogs only and not to other animals.  The State contends the language merely restricts punishment for violations involving only dogs to subsection (c).  The language in question is unclear, and both interpretations are reasonable.  Thus, we find the language is ambiguous.      

When a statute is ambiguous, a court may look beyond the language employed and consider the purpose of the law, the evils that law was designed to remedy, and legislative history to discern legislative intent.  
In re B.C.
, 176 Ill. 2d 536, 542-43, 680 N.E.2d 1355, 1359 (1997).  In doing so, a court should presume that the legislature did not intend an absurdity, inconvenience, or injustice.  
B.C.
, 176 Ill. 2d at 543, 680 N.E.2d
 at 1359. 

Here, the legislature intended to penalize prohibited actions against all animals, not just dogs.  The bill enacting the Animal Act was entitled:  "[An Act] in relation to the humane care and treatment of 
animals
 and to 
provide
 
penalties
 
for
 
violations
 
thereof
."  (Emphasis added.)  Pub. Act 78-905, eff. October 1, 1973 
(1973 Ill. Laws 2852, 2852)
.  The Animal Act defines "animal” as "every living creature, domestic or wild, but does not include man."  510 ILCS 70/2.01 (West 2000). 

Further, an examination of section 16 of the Animal Act (510 ILCS 70/16 (West 2000)) shows an intent to criminally punish violations of the Animal Act against all animals protected by a particular section.  Subsection (b) (510 ILCS 70/16(b)(1) (West 2000)), which does not "apply where the only animals involved in the violation are dogs," provides criminal sanctions for violations of section 4.01 of the Animal Act (510 ILCS 70/4.01 (West 2000)).  In the case of dogs, violations of section 4.01 are criminally punished under subsections (c)(2) through (c)(5) (510 ILCS 70/16(c)(2) through (c)(5) (West 2000)).  Thus, section 16 still provides criminal punishment for violations of section 4.01 regardless of the type of animal.
  Moreover, none of the other subsections of section 16 exclude an action against a protected animal from criminal punishment.      
  

Additionally, reading subsection 16(c) to only apply to dogs generates absurd results, and we presume the legislature did not intend such results.  
B.C.
, 176 Ill. 2d at 543, 680 N.E.2d
 at 1359
.  Subsection 16(c) of the Animal Act contains the 
only
 criminal-punishment provisions for violating the following sections of the Animal Act:  (1) cruel treatment of animals (510 ILCS 70/3.01 (West 2000)); (2) teasing, striking, or tampering with police animals (510 ILCS 70/4.03 (West 2000))
; (3) injuring or killing police animals (510 ILCS 70/4.04 (West 2000))
; (4)  guide, hearing, and support dogs (510 ILCS 70/7.15 (West 2000))
; and (5) the catchall provision, allowing criminal punishment for violating additional sections of the Animal Act, 
i.e.
, (a) an  owner's duties (510 ILCS 70/3 (West 2000))
, (b) section 4 prohibited acts (510 ILCS 70/4 (West 2000)), (c) transportation of animals (510 ILCS 70/7 (West 2000))
, and (d) downed animals (510 ILCS 70/7.5 (West 2000))
.  510 ILCS 70/16(c)(6) through (c)(9) (West 2000).  

Section 4 of the Animal Act addresses actions against animals that are not dogs.  510 ILCS 70/4 (West 2000) (rabbit, chick, duckling, and fowl)
.
  
Thus, if subsection (c) only applies to dogs, then violations of section 4 of the Animal Act could never be criminally punished because it addresses actions against noncanines.  Moreover, besides sections 7.15 (510 ILCS 70/7.15 (West 2000) (
guide, hearing, and support dogs)) and 4 of the Animal Act, all of the aforementioned sections address actions involving an "animal.
"
  Those sections do not distinguish dogs from other animals (see 510 ILCS 70/3, 3.01, 4.03, 4.04, 7, 7.5 (West 2000))
, and we find no reason for doing so.  

We also find support that the legislature intended to criminally punish prohibited actions against all animals in an amendment to the Animal Act.  In 1997, the legislature amended the Animal Act by enacting Public Act 90-80 (
Pub. Act 90-80, §5, eff. July 10, 1997 (1997 Ill. Laws 2156, 2156)).  The amendment added section 2.08, providing a definition for the word "police animal."  510 ILCS 70/2.08 (West Supp. 1997).
  Before the amendment, sections 4.03 and 4.04 of the Animal Act (510 ILCS 70/4.03, 4.04 (West 1996))
 addressed actions toward police dogs and sections 16(c)(7) and (c)(8) of the Animal Act (510 ILCS 70/16(c) (7), (c)(8) (West 1996))
 provided the penalties for violating sections 4.03 and 4.04.  The amended sections 4.03 and 4.04 contained the words "animal" and "animals” instead of "dog” and "dogs."  See 510 ILCS 70/4.03, 4.04 (West Supp. 1997).  Additionally, the amended sections 16(c)(7) and (c)(8) used the word "animal" instead of "dog."
  See 510 ILCS 70/16(c)(7), (c)(8) (West Supp. 1997).  

If subsection (c) was to apply only to dogs, then the legislature would not have needed to amend sections 16(c)(7) and (c)(8) when it amended sections 4.03 and 4.04 to apply to animals instead of just dogs.  An interpreting court presumes an amendment of a statute is made to effect some purpose.  
Bowden
, 313 Ill. App. 3d at 670, 730 N.E.2d at 141.
 

Thus, we find the legislature intended to provide criminal penalties for violations of the Animal Act involving all animals, not just dogs.  
Accordingly, subsection 16(c) of the Animal Act (510 ILCS 70/16(c) (West 2000))
 applies to other animals besides dogs.

II. CONCLUSION

For the aforementioned reasons, we reverse the trial court's judgment and remand for further proceedings consistent with the views expressed herein.

Reversed and remanded.

KNECHT, J., concurs.

STEIGMANN, J., specially concurs. 

JUSTICE STEIGMANN, specially concurring:

Although I do not disagree with the majority's analysis, I favor a more direct analysis that achieves the same result.  For that reason, I specially concur.  

I agree with the argument set forth in the State's reply brief, as follows:  

"The literal meaning of [the language in section 16(c)(1) of the Animal Act] is that, if the only animals are involved are dogs, the provisions of subsection (c) apply exclusively.  The statute does not state or imply that the section does not apply if an animal other than a dog is involved.  The literal and logical construction of the statute is that, if only dogs are involved, resort may be made only to subsection (c) to determine the appropriate punishment.  However, if animals other than dogs are involved, resort may be made anywhere in the statute to determine the appropriate punishment.  The statute does not in any way prohibit criminal punishment for cruelty to animals other than dogs."

I also agree with the State that the language in section 16(b)(1) of the Animal Act (see 510 ILCS 70/16(b)(1) (West 2000) ("This subsection (b) does not apply where the only animals involved in the violation are dogs")) further supports the State's position because the legislature could easily have used the same or similar language if it had intended that subsection (c) would not apply if any animal other than dogs were involved.

Another way to view this case is to imagine if section 16(c)(1) of the Animal Act, which states that "[t]his subsection (c) applies exclusively where the only animals involved in the violation are dogs" (510 ILCS 70/16(c)(1) (West 2000)), were somewhat modified.  
A slight restructuring of that sentence would clarify that in a case like the present one, where animals other than dogs are involved, section 16(c)(1) has no application.  That slight restructuring might make the sentence involved read as follows: "Where the only animals involved in the violation are dogs, this subsection (c) applies exclusively."